ADDENDUM NO. 3 TO THE PRESENTENCE REPORT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII
UNITED STATES V. LESLIE KEKAHUNA
CRIMINAL NO. CR 02-00175SOM-04

By way of the Addendum, the following amendments are made to the Presentence Report:

Paragraph 26a is added to reflect that codefendant Chasity Kalawe provided a statement to authorities indicating that her boyfriend, Alan Kekahuna, asked her to pick up the package at the Airport. She also stated that she was aware that the package contained drugs.

In U.S. v. Ameline, 376 F.3d 967 (9th Cir. 7/21/2004), the Ninth Circuit Court of Appeals determined that the federal sentencing guidelines can be imposed as long as facts which increase the defendant's sentencing liability comply with the requirements of Blakely V. Washington, 124 S. ct. 2531 (2004). The defendant pled guilty to Counts 1 and 23 to 25 without a Plea Agreement. During the Change of Plea hearing, the defendant did not admit responsibility to a specific quantity of drugs.

Pursuant to Ameline, the Presentence Report is amended as follows:

Paragraphs 37: The preponderance of evidence implicates the defendant with the 222.2 grams (net weight) of d-methamphetamine hydrochloride of 81 percent purity which was recovered in a parcel transported on Aloha Island Air on 8/3/2001 and with the 1 pound of crystal methamphetamine which he supplied to Polotani Latu in 12/2001. However, the defendant pled guilty to Counts 1 and 23 to 25 without a Plea Agreement and he made no admissions or stipulations regarding specific quantities of drugs during the Change of Plea hearing. As a result, the defendant is held accountable for the least amount of methamphetamine for guideline computation purposes.

Paragraph 38: Deleted.

Paragraph 39: The applicable guideline for offenses in violation of 21 U.S.C. § 846 is found in U.S.S.G. § 2D1.1. According to that section, offenses which involve less than 2.5 grams of Methamphetamine or less than 250 milligrams of "ice" have a base offense level of 12. U.S.S.G. § 2D1.1(c)(14).

Paragraph 44: The Adjusted Offense Level is 12.

1A

Exhibit 2

Exhibit -3-

31

```
 1   I have no -- my last opportunity to say the truth.  I have
 2   no reason to lie.  I rather sit in prison knowing I told
 3   the truth than sitting there like a dummy that I lied.
 4   Oh, you had an opportunity to do good in your life, and
 5   you lied.  So for the last 28 years when you tell people
 6   your word is all you own, I sit in prison against
 7   everything I ever said.  That's all I own is my word.  I
 8   have no reason to lie to anybody.  That's why I have
 9   friends out there.  I have more friends than enemies in
10   this world.  I know I do.  That's why they help me through
11   this whole thing and they respect me because I never lied
12   to them.
13              THE COURT:  Okay.  Thank you.
14              This is what I think we need to do.  I'm going
15   to ask the probation officer to attach the statement of
16   the defendant to the PSR, and let me ask the probation
17   officer how the -- can someone get both safety valve, so
18   the minus two under the guidelines, plus obstruction of
19   justice?
20              PROBATION OFFICER:  Your Honor, I believe that
21   is a possibility, depending on what the obstruction of
22   justice is based on.  If it is based on the defendant's
23   statement that was made to qualify for the safety valve,
24   then I don't believe he can get the safety valve -- be
25   eligible for the safety valve under those circumstances.
```

1   So the court would need to look at the nature of the
2   obstructive statement or conduct.
3               THE COURT:  Okay.  Well, in this case the
4   statement I'm worried about was made before this written
5   statement seeking to obtain safety valve credit; so in
6   that case it is possible to have both of those.  But then
7   I'm concerned because this is what I understand:  If I
8   added two for obstruction of justice and removed the
9   minus two for acceptance of responsibility, then how can
10  he still get safety valve?  In other words, then there's a
11  dichotomy between accepting responsibility and having
12  truthfully divulged everything he knows about the matter
13  to the government.  So how do I square those?
14              PROBATION OFFICER:  I think I understand the
15  court's concern.  And I think, first off, what I would
16  like to direct the court to under 5C1.2 of the sentencing
17  guideline manual is subsection (a)(5), which says, "Not
18  later than the time of the sentencing hearing the
19  defendant has truthfully provided to the government all
20  information and evidence he has concerning the offense or
21  offenses that were part of the same course of conduct or
22  common scheme or plan, but the fact that the defendant has
23  no relevant or useful information to provide, et cetera,
24  shall not preclude a determination that he has complied
25  with this requirement."

1    for.

2            The other problem is when he talks about being
3    whipsawed, he has a defense in the case. You then invite
4    me yesterday and you continue the case for two ways where
5    he can get below the 10-year mandatory minimum.

6            THE COURT: I didn't make those up yesterday.
7    You knew about them before yesterday. You advised --

8            MR. GREEN: But you invite me to do it
9    yesterday.

10           THE COURT: That's right.

11           MR. GREEN: Then we submit something because, if
12   it's anything less, they're going to come in and say he's
13   lying and he's not entitled to the two points for safety
14   valve. And now you're using this against him.

15           THE COURT: Well, because this is --

16           MR. GREEN: You're using this against him.

17           THE COURT: Well, because it's in contradiction
18   to the position you've been taking over the last few
19   months.

20           MR. GREEN: Your Honor, they're saying that he
21   wasn't truthful in order to get a safety valve. You
22   invite me yesterday to at least submit something the two
23   ways to get below the 10 years. He submits this, okay.
24   He still doesn't say he was aware of the amount in here,
25   okay, and I still think that's an issue for the appellate

CASE NUMBER: CR 02-00175SOM-04  
DEFENDANT: KEKAHUNA, Leslie

Not For Public Disclosure  
SA #: 89392-022

Social Security: # 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  
Date of Birth: 12/23/76  
Home address: 1255 14th Ave. Honolulu, HI 96813

## STATEMENT OF REASONS
(Not for Public Disclosure)

[ ] THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.

OR

[x] THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES:

[x] Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level or specific offense characteristics:

Para. 40: The Court finds that the defendant does not qualify for the 2-level decrease under U.S.S.G. § 2D1.1(b)(7) because he does not qualify for the safety valve provision under U.S.S.G. § 5C1.2. In this regard, his written statement, dated 2/18/2005, was untimely and establishes that he was an organizer/leader in the offense.

[x] Chapter Three of the U.S.S.G. Manual adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

Para. 42: The Court finds that a 4-level increase applies under U.S.S.G. § 3B1.1(a) because the defendant's statement, dated 2/18/2005, establishes that he was an organizer/leader in the 8/3/2001 drug offense.

Para. 43: The Court finds that a 2-level increase applies under U.S.S.G. § 3C1.1 because the defendant attempted to obstruct justice throughout the sentencing proceedings by disavowing involvement in the 8/3/2001 drug transaction involving 222.2 grams of "ice."

Para. 45: The Court finds that the defendant does not qualify for the 2-level decrease under U.S.S.G. § 3E1.1 because his obstructive conduct demonstrates that he does not clearly accept responsibility for his offense.

[ ] Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

[x] THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.)

Para. 40: The Court orders that the defendant's written statement, dated 2/18/2005, be attached to the Presentence Report.

Para. 79: The Court finds that the advisory guideline range for imprisonment is 292 to 365 months.

Paras. 47 and 49: The Court finds that the total offense level is 40.