ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 2 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,　　　　　　　CASE NO. CR-00175-SOM

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　MOTION RULE 60(b)(1).

LESLIE KEKHUNA,

　　　　Defendant.
_____/

　　COMES NOW the defendant, above-named and appearing Pro se, and respectfully moves this Honorable Court cor resentencing in accordance to the advisory requirement setforth in United States v. Booker.

-1-

　　That this motion is made and based upon the annexed memorandum of authorities and all pleadings and papers on file herein.

　　Dated this 31 day of DECEMBER, 2005.

Respectfully submitted

Leslie Kekahuna
#89329-002
Federal Correctional Institution
P.O. Box 3007
Terminal Island
San Pedro, CA 90731

## MEMORANDUM OF AUTHORITIES

On April 22, 2002, defendant was arrested and charged on various drug counts. On or about July of 2003, defendant pled guilty to counts 1, 23, and 24 of the indictment. However, during the Rule 11 proceeding's the defendant never admitted to an drug amount for sentencing purposes. However, during sentencing the Court took it upon itself to attributed the drug amount for sentencing of 222.2 grams of methamphetamine was attributed to the defendant's offense level was based on the preponderance of the evidence standard. See Exibit -1- page 21 of the sentencing hearing).

The preponderance of the evidence standard used during sentencing was a violation of the defendant's Sixth Amendment procedural due process rights to have all the essential elements of the charged offense proved beyond a resonable doubt. Since the defendant did not admit any drug amount during his Rule 11 pro= cedural his offense level should have been based on a violation of 21 U.S.C. §, 2D1.1(c)(14), provides for 250 milligrams of methamphetamine "ice" carries an offense level of 12. See (Exhibit -2- addendum to the PSI report).

Under Booker, forbids a guilines sentence based on facts found by a preponderance of the evidence by a Judge. Therefore, pursuant to Booker and Ameline defendant received an illegal sentence of mandatory sentence of 10 years. Defendant never admitted to a drug amount to trigger a guidline sentence beyond an offense level of 12. See united States v. Ameline 400 F.3d 646(9th Cir. 2005).

In Booker, the Court reaffirmed its recent holding in Blakely that the "Statutory Maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. See United States v. Booker.

Here, the defendant never addmitted an actual amount of drug therefore the Court exceeded its authority in applying a drug amount 222.2 grams of methamphetmine that ballooned the defendant's sentence from a guidline range of 10 to 16 months, upwards of 10 years that he received. See (Exhibit -2- of the PSI Addendum).

II.

The defendant contends that the Court errored in applying a 2-point increase under U.S.S.G.§3C1.1, because the defendant att=empted to obstruct justice, and the defendant also received a 4-point increase under U.S.S.G.§3B1.1(a) because the defendant's statement, dated 2/18/2005, establishes that he was an leader/organizer in the 8/3/2001, drug offense. These additional 6-points attrubuted to the defendant's offense level by the Court and not a jury as required by the Sixth Amendment Due Process Clause Pursuant to Booker, supra holding that when a defendant pleads guilty, the government is free to seek judicial sentence enhancements so long as the defendant either stipulated to the relevant facts or consent to judicial factfinding. In this case, the additional 6-points were attributed to the defendant by the Court and not a jury, nor stipulated as required by Booker was a procedural due process violation.

In re Winship 397 U.S.358, 364, 25 L.Ed. 2d 368, 90 S.Ct 1068 (1070). It has been settled throughout our history that constitution protects every criminal defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with he is charged. United States v. Gaudin, 515 U.S. 506, 511, 132 L.Ed. 2d 444, 115 S.Ct. 2310 (1995). These basic precepts, firmly rooted in the common law, have provided the basic for recent decisions interpreting modern criminal statutes and sentencing procedures. Since the Court violated defendant's Constitutional rights resentencing is required because the due process was not satisfied when the Court adopted the recommendation of the PSI report for imposing a violation of 2-points for U.S.S.G.§3B1.1., and U.S.S.G.§3B1.1(a). See (Exhibit-3-).

III.

The district Court errored in denying defendant 2 levels under U.S.S.G.§2D1.1(b)(7), for safety value. The Court reasoned that the defendant was an leader/organizer in the offense. However, the procedural used to make this determination was a violation of the defendant's procedure due process rights to have all essential material facts proven beyond a reasonable doubt. See In re Winship.

Moreover, the additional 4-points attributed to the defendant's offense level violated the due process out in United States v. Booker, 160 L.Ed.2d 621(2005). The Court holds that, in the circumstances mentioned, the Sixth Amendment requires Juries, not Judges to find facts relevant to sentencing. See (Exhibit-3-).

-4-

IV.

The defendant avers that the district court errored in imposing a mandatory minimum sentence of 10 years pursuant to the old Gidlines before Boorker. During the sentencing of the defendant the Judge made reference at least 10 to 15 times that she could not depart be low the mandatory minimum of 10 years because the Giudlines provides for that sentence, wowever, that meaning of Booker was in error to the ruling in U.S. Booker, and the Court's imposing a mandatory minimum sentence of 10 years violated the defendant's due process rights of the district court to follow the Guidlines as "advisory". See (exhibit-4- of the sentencing hearing), wherein the Court said:

> "I think he's subject to the mandatory minimum.
> so if I held this hearing, it would be just an
> alternative. But I think he's subject to the
> mandatory minimum, and I haven't changed my mind
> on that.

Based on that assumpton the Court had already made its decision to impose a mandatory minimum sentence of 10 years while not taken into consideration that the Guidlines at the time of the defendant's sentencing were struck down as unconstitutional and no longer mandatory in nature.

Moreover, the sentencing record does not reflect that the Judge had followed the procedure setforth in U.S. Booker which required that the Judge follow the steps outlined in Title 18 U.S.C. § 3553(a) [18 U.S.C. § 3553(a)] provides for relevent:

> "Factors to be considered in imposing a
> sentence. The Court shall impose a sentence sufficient, but not greater than
> (2) of this particular sentnece to be imposed, shall consider section 1 through 7,
> thier subsections.

A review of exhibit-4-, will reflect that the Court never acknowledged that it had followed the procedure setforth in Title 18 U.S.C. § 3553(a), and furthmore, a review of the record will show that a due process violation occurred when the court failed to adhere to the new sentencing procedure setforth in United States v. Booker as to the facts needed to be considered before imposing sentence.

Given, that the defendant only pled to a violation of 21 U.S.C. § 2D1.1, according to that violation which carries an amount of 2.5 grams of methamphetmine or less than 250 milligrams of "ice" has an base offense level of 12 see U.S.S.G. § 2D1.1(c)(14), with a criminal history of zero, and no elements founded on a jury verdict, nor the defendant admittance of a drug amonut for sentening purposes it would be safe to say that the Court oerrored in applying a mandatory minimunsentence of 10 years without considering the procedure setforth in the new advisory guidlines.

## CONCLSUION

Thus, defendant moves this Honorable Court to vacate his sentence of 10 years becasue it violates the due process procedure setforth in United States v. Booker.

## PROOF OF SERVICE

The undersiged hereby certifies that a full and true copy of the motion rule 60(b)(1) has been mailed to the following:

Thomas C. Muchleck
Assitance U.S. Attorney
P.J.K.K. Building
300 Ala Moana Blvd, Suite 6100
Honolulu, Hi 96850

Dated this 31 day of DECEMBER, 2005.

Respectfully submitted,

*Leslie Kekahuna*
Leslie Kekahuna