CORRESPONDENCE

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BOULEVARD, ROOM C-409
HONOLULU, HAWAII 96850-0409

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

TELEPHONE
(808) 541-1720
FACSIMILE
(808) 541-1724

September 17, 2007

Mr. Leslie Kekahuna/89329-022
Federal Correctional Institution
P.O. Box 3007
Terminal Island
San Pedro, California 90731

Re:   United States of America v. Leslie Kekahuna; Cr. 09-00175 SOM

Dear Mr. Kekahuna:

      I have received a letter from you dated August 23, 2007, in which you ask me to amend your presentence investigation report to refer to an alcohol problem. You say that you are being denied entry into the 500-Hour Comprehensive Substance Abuse Treatment Program because your PSR does not make it clear that you had an alcohol problem within one year of your crime and that your alcohol problem was related to your crime.

      You quote your PSR as stating that you have no drug problem and have no present alcohol problem, having last had alcohol two years earlier. You say that you told the Probation Office that you did have an alcohol problem within a year of your crime, even though you did not have alcohol while on bail. You would like an amended PSR to note that you did have alcohol within a year of your crime.

      I am declining to amend your PSR without more information. First, the PSR has a date on it, so the Bureau of Prisons can see the time frame referred to with respect to your two-year period of abstaining from alcohol. Second, I question the fairness of your allowing the PSR to stand for sentencing purposes and the raising of your issue only after the sentence has been affirmed. A report of an alcohol problem could conceivably cause a judge to impose a more serious sentence than might otherwise be imposed. You had the benefit at the time of sentencing of the statement in the PSR that you were claiming no recent alcohol problem. You accepted that benefit by allowing the PSR to go unchallenged in that regard, and only now seek to assert an alcohol problem. Third, your letter says that you will not be eligible for the treatment program absent some tie between your alcohol use and your crime. Your letter does not show how you would make that connection. In short, I cannot, based on your letter, determine that amending the PSR to make the change you request would, by itself, benefit you.

Mr. Leslie Kekahuna
September 17, 2007
Page 2

      I am sending copies of your letter to me and of this letter to your attorney, with whom you may want to discuss this matter further.

                                  Very truly yours,

                                  Susan Oki Mollway
                                United States District Judge

Enclosure

cc w/encl.: Kenneth M. Sorenson
           Thomas C. Koenig
           David Bettencourt
           Ellie Asasaki

CORRESPONDENCE

Leslie L. Kekahuna
Fed. Reg. No. 83920-022
Federal Correctional Institution
1299 Seaside Ave.
San Pedro, California 90731


August 23, 2007


The Honorable Susan Oki-Mollway
United States District Court
300 Ala Moana Blvd.
Honolulu, Hawaii

     Re: Case No. CR-02-00175 SOM

Your Honor,

I hope this correspondence finds you well. I was sentecned in your Court to a 120 month prison term for violaitons of 21 U.S.C. § 841(a). I am currently being Housed at Terminal Island and have almost obtained my AA Degree.

During my court proceedings, just prior to the taking of my Pre Sentence Investigqation Report I had discussed with my counsel the taking of the 500 Hour Intensive Drug Program and the early release provisions of 3621(e). I had also advised my counsel of the fact that I had an alcohol problem as opposed to a drug problem. He advised me to relay this information to the Probation Officer who preparred my P.S.I.. Durring the P.S.I. interview I did relay this information, that I had an alcohol problem.

In paragraph 64 of the P.S.I. it states that "The Defendant reported that he does not have a history of illicit drug use nor does he presently drink alcohol. He advised that he last drank alcohol appoximately 2 years ago."

I have spoken to the Drug Treatment Specialist here at this institution and they have advised me that I do not qualify for the 500 Hour Program nor the early release because of two reasons; 1) that the alcohol problem need be within one year of the crime; and 2) that there must be a relationship with the criminal conduct.

RECEIVED
CLERK U.S. DISTRICT COURT
SEP 14 2007
DISTRICT OF HAWAII

Leslie L. Kekahuna
August 23, 2007
page 2


I am requesting that you consider issuing an addendum to the P.S.I. to reflect the true facts of the situation for the following reasons; 1) Since I was out on bail during these proceedings, it was actually within one year of the criminal conduct for which I was arrested. The BOP has no way of actually knowing this; 2) I did advise the Probation Officer at the P.S.I. interview of my alcohol problem and this somehow was lost in the translation.

I thank you very much for your time and consideration. I hope that you can see that I have a strong resolve to be a productive aprt of society and need to particpate in this program and the after care program.



Sincerely,



VERIFICATION

I, Leslie L. Kekahuna do hereby swear under the penalty of perjury, that, the statements contained herein, are true to the best of my knowledge.


Dated this 23rd day of August, 2007.

Leslie L. Kekahuna

E. L. Kekahuna #93329-022
Federal Correctional Institution
Box 3007
Terminal Island, CA 90731

The Honorable Susan Oki Mollway
United States District Court
300 Ala Moana Blvd.
Honolulu, HI 96813